

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 1 4 2013

TONY R. MOORE, CLERK
BY _____ DEPUTY

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| JERRY LEE, ET AL | CIVIL ACTION NO. 3:10-569 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| TIMOTHY SYPEREK | MAGISTRATE JUDGE HAYES |

**ORDER**

Before the Court are both the Plaintiffs' and the Defendant's Motions for Review [Record Documents 98 and 97, respectively] of the Clerk's Taxation of Costs [Record Document 96].

Pursuant to Federal Rule of Civil Procedure 54(d)(1), costs should be awarded to the prevailing party as a matter of course, unless the Court directs otherwise. The district court has discretionary authority to tax costs against the unsuccessful litigant; however, that discretion is limited by Title 28 U.S.C. § 1920. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441–42 (1987). A district court may decline to award costs listed in the statute but may not award costs omitted from the statute. See Crawford Fitting, 482 U.S. at 441–42; Coats v. Penrod Drilling Corp., 5 F.3d 877, 891 (5th Cir. 1993).

Defendant requests that this Court amend the clerk's assessment of costs to include certain deposition transcripts previously disallowed by the clerk. Specifically, Defendant requests that the Court allow costs related to the depositions of Dr. Azmeh, Dr. Blanchard, Dr. Davis and Dr. Sachs. See Record Document 97.[1] All four of these doctors testified at

---

[1] Defendant includes in his request for additional taxation of costs the transcripts of Plaintiffs Jerry and Sandra Lee; however, those costs have already been included in the clerk's assessment.

trial; Drs. Blanchard and Davis testified on January 29, 2013, while Drs. Azmeh and Sachs testified on January 30, 2013. Of the four, only Dr. Blanchard was included on Defendant's final will call witness list. See Record Document 83. Plaintiffs, on the other hand, object to the deposition costs of Defendant Timothy Syperek, Valerie Rudison, Tina Roshto, Eurica Gaston and Dr. Formanek.[2] Both Tina Roshto and Dr. Formanek testified on January 30, 2013, while neither Eurica Gaston nor Valerie Rudison testified at trial.

Prevailing parties are entitled to recover the costs of original depositions and copies under 28 U.S.C. §1920(2) and §1920(4) respectively, provided they were "necessarily obtained for use in the case." Fogleman v. ARAMCO, 920 F.2d 278, 285 (5th Cir. 1991) (internal citations omitted). In the Fifth Circuit, a deposition need not be introduced into evidence at trial in order to be "necessarily obtained for use in the case." Id; see also Nissho-Iwai Co., Ltd. v. Occidental Crude Sales, Inc., 729 F.2d 1530, 1553 (5th Cir. 1984) (Deposition costs may be recovered where all or any part of the deposition was necessary for use in the case, notwithstanding that the deposition was not introduced into evidence or used at trial in examining or impeaching witnesses). A deposition is necessarily obtained for use in the case "[i]f, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery." Id. This is a factual determination to be made by the trial court. See id.

This Court finds no reason to dispute the Defendant's assertions that the depositions of the four doctors - Azmeh, Blanchard, Davis and Sachs - were reasonably expected to be used for trial preparation, rather than merely for discovery. All four doctors testified at trial, and their depositions were used to prepare the witnesses' examinations at trial. On the

---

[2] Plaintiffs also object to the taxation of the MRP Transcript; however, Defendant withdrew his request of that cost. The MRP Transcript was therefore not considered or included in the clerk's taxation.

other hand, neither Valerie Rudison nor Eurica Gaston testified at trial, nor were either of these witnesses included on the respective parties' witness lists or used in support of motions for summary judgment. The Fifth Circuit has acknowledged that there is typically no distinction in the recovery of costs between depositions noticed by an unsuccessful litigant as opposed to a prevailing party. See J.T. Gibbons, Inc. V. Crawford Fitting Co., 760 F.2d 613, 616 (5th Cir. 1985). However, district courts must draw a distinction between trial preparation and mere discovery tools. Thus, while the Court is not persuaded by Plaintiffs' argument against these costs on the sole basis that they were identified by the Defendant, the Court nonetheless finds that the depositions of Gaston and Rudison should be disallowed.

In sum, the Court hereby **AMENDS** the clerk's assessment to include the costs of deposition transcripts of Drs. Azmeh, Blanchard, Davis and Sachs and exclude the costs of depositions transcripts of Eurica Gaston and Valerie Rudison. The clerk's assessment is affirmed in all other respects. In accordance with these amendments, the total taxation of costs is hereby increased by a total of $1,194.35.[3]

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 10th day of June, 2013.

Elizabeth Erny Foote
United States District Judge

---

[3] The clerk's taxation is increased by $1,494.30, to account for the allowance of costs of depositions for Drs. Azmeh, Blanchard, Davis and Sachs, and decreased by $299.95, to account for the disallowance of costs of depositions for Eurica Gaston and Valerie Rudison. The net effect of these amendments increases the total taxation of costs by $1,194.35.